MARTIN E. EATON et al., Copartners Doing Business under the Name of YORK COMPANY, Appellants, v. LAUREL DELICATESSEN CORP. et al., Respondents, et al., Defendant.

First Department, May 13, 1958.

Robert I. Rogin for appellants.

Louis H. Solomon for respondents.

STEVENS, J. This is an appeal from an order denying plaintiffs' motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice.

This is an action upon 23 promissory notes executed by respondent corporation indorsed by the individual respondents and delivered to defendant Pumo, a contractor engaged to do certain work for the respondents.

Pumo sought to negotiate a sale of 24 of the series of 48 notes to the plaintiffs. The plaintiffs, prior to the purchase thereof, obtained a written agreement from the corporate respondent on July 22, 1957 which warranted that the notes were a true obligation of respondent corporation, without any offset or counterclaim. The plaintiffs purchased the notes which contained an acceleration clause. The first note was paid and default made in payment of the second note, whereupon the entire balance became due.

The respondents claim that Pumo, the contractor, abandoned the work before completion. They assert agreement with Pumo that the notes were to be held until the work was completed and that plaintiffs purchased the notes with a like understanding and subject to such agreement. The respondents plead failure of consideration and breach of the agreement.

Special Term held that a triable issue was thus presented and denied the motion. We are of the opinion that the motion should have been granted.

The theory upon which the respondents proceed is, in effect, that the plaintiffs purchased the notes with knowledge that there had been a delivery to the contractor Pumo subject to a condition precedent and, therefore, the plaintiffs are not holders in due course (Negotiable Instruments Law, § 91, subd. 4) and the affirmative defense of lack of consideration may be raised (Negotiable Instruments Law, §§ 35, 54). It would appear from this that the respondents have raised a valid defense and triable issues of fact if it were not for the written agreement of July 22, 1957. The effect of this agreement is to estop the respondents from now raising lack of consideration as a defense. The doctrine of estoppel to raise defenses in actions on negotiable instruments has long been recognized (see 10 C. J. S., Bills and

Notes, pp. 1048 *et seq.*). The general rule in New York is that where a person, liable on a negotiable instrument, although having a good defense, makes representations to a prospective purchaser that the obligation is valid and binding and that there is no defense to it or that he will pay, he is estopped to resist payment by setting up a defense thereto as against such person who has taken the paper in reliance on his representation (*Johannessen* v. *Munroe,* 158 N. Y. 641; *Ahern* v. *Goodspeed,* 72 N. Y. 108; *Schanz* v. *Sotscheck,* 167 App. Div. 202) provided the representations are made outside the face of the obligation (*Schnitzer* v. *Husted,* 18 N. Y. S. 156) and are not made simultaneous with the execution of the negotiable instrument (*Mount Vernon Trust Co.* v. *Bergoff,* 272 N. Y. 192). In this case the respondents at the time of the purchase of the notes, but after the execution thereof, stated in writing that the notes are a true obligation without any offset or counterclaim. The only meaning of this, and therefore, its effect was to estop them to raise any defense unavailable against a holder in due course. Lack of consideration is such a defense and respondents are now estopped from raising it.

The respondents in their answer admit that " The   *   *   * corporate defendant warranted, as of said date that the said notes were the obligation of the corporate defendant without offset or counterclaim " but contend that contemporaneous with the execution of the document there was an oral agreement by plaintiffs that the notes would not be presented until completion of the work. In *Richard* v. *Credit Suisse* (242 N. Y. 346) Judge CARDOZO stated at page 350 " The very object of a motion for summary judgment is to separate what is formal or pretended in denial or averment from what is genuine and substantial, so that only the latter may subject a suitor to the burden of a trial." The affidavit of the respondents admits that the alleged oral agreement was made prior to the execution of the instrument of July 22, 1957. Such an oral agreement by its very nature is one which, if it existed, the parties would ordinarily be expected to embody in the later writing, as distinguished from the notes, since it contradicts the very writing itself and was allegedly made prior thereto. There appears to be no ambiguity in the language of either the negotiable paper or the written acknowledgment and the said acknowledgment appears to be the entire agreement. Furthermore, respondents' action in paying the first note presented by the plaintiffs belies any oral agreement that the plaintiffs were to hold the promissory notes until the completion of the work. Nor would respondents' claim that the first promissory note was paid by mistake be a sufficient

excuse to present a triable issue of fact in the light of the analysis made earlier.

In *Hanrog Distributing Corp.* v. *Hanioti* (10 Misc 2d 659), where there were conflicting affidavits but a written guarantee agreement evidencing the true position of the parties, Mr. Justice SHIENTAG pointed out that " A shadowy semblance of an issue is not enough to defeat the motion " for summary judgment pursuant to rule 113 of the Rules of Civil Practice.

The order appealed from should be reversed, on the law, and the motion for summary judgment granted to plaintiffs, with costs.

FRANK, J. P., VALENTE, McNALLY and BASTOW, JJ., concur.

Order unanimously reversed, on the law, and the motion for summary judgment granted to plaintiffs, with costs.

Settle order.