■ BEN STRAUSS INDUSTRIES, INC., Respondent-Appellant, v CITY OF NEW YORK, Appellant-Respondent. — Order, Supreme Court, New York County (White, J.), entered February 5, 1982 denying motion and cross motion for summary judgment, is modified, on the law, to the extent that defendant's motion for summary judgment dismissing the complaint is granted, and the complaint is dismissed, and the order is otherwise affirmed, without costs. As to the Eastern Boulevard Bridge, the error on the site plan was a patent error. From the specifications and inspection there can have been no doubt that the bridge to be painted was the Eastern Boulevard Bridge over the Bronx River and not the highway overpass improperly indicated on the site plan. "A shadowy semblance of an issue is not enough to defeat the motion" (*Hanrog Distr. Corp. v Hanioti,* 10 Misc 2d 659, 660 [Shientag, J.], quoted with approval in *Eaton v Laurel Delicatessen Corp.,* 5 AD2d 590, 593, affd 5 NY2d 1029). As to the 145th Street Bridge, the bid specifications required the successful bidder to do preliminary cleaning. The inspection which plaintiff made before bidding should have disclosed the debris, beer cans, etc., at the site, and it was plaintiff's obligation under the bid to clean that. Concur — Sullivan, J. P., Ross and Bloom, JJ.

Silverman and Alexander, JJ., dissent in part in a memorandum by Silverman, J., as follows: We agree with the disposition as to the Easter Boulevard Bridge. We would deny defendant's motion insofar as it relates to the 145th Street Bridge. It is not clear to us that the cleaning required by the contract includes cleaning the debris referred to rather than merely cleaning the surfaces to be painted preparatory to painting them. In our view, there is an issue of fact as to whether, under customs and usages of the trade, cleaning to be done by painters included the removal of this debris.

## (November 30, 1982)

■ LAMBERTUS R. P. SCHOONHEIM, Appellant-Respondent, v MARTINA SCHOONHEIM, Respondent-Appellant. LAMBERTUS R. P. SCHOONHEIM, Appellant, v MARTINA SCHOONHEIM, Respondent. — Order of the Supreme Court, New York County (Stecher, J.), entered April 14, 1982, modified, on the law, the facts and in the exercise of discretion to provide that plaintiff shall pay a counsel fee to defendant in the sum of $1,500 within 20 days after service of a copy of the order to be entered herein and, except as so modified, affirmed, without costs. Order of the Supreme Court, New York County (Gabel, J.), entered on or about June 15, 1982 affirmed, without costs. Most of what was required to be done by the orders which here are the subject of appeal and cross appeal has been rendered academic because the time set for performance has long since passed. However, there is one issue which remains open under the order of April 14, 1982 and that is the entitlement of defendant to counsel fees. While it is true that the litigation here involved was initiated by defendant, such litigation was required as a result of plaintiff's actions. In these circumstances, we think that defendant is entitled to an award of counsel fees in the amount of $1,500. We modify the order of April 14, 1982 accordingly. Concur — Murphy, P. J., Sullivan, Ross, Bloom and Milonas, JJ.