■ GALA TRADING, INC., Appellant, v ADRIENNE, INC., Respondent.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered April 20, 1990, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, with costs and disbursements, the motion granted and the counterclaims dismissed. The clerk is directed to enter judgment in the sum of $64,624.40 with interest from August 22, 1988 and costs.

Between March 1987 and August 1988, plaintiff, a diamond wholesaler, sold and delivered some 100,000 loose diamonds to defendant, a manufacturer of finished jewelry pieces selling to retail outlets throughout the United States and Canada. The agreed upon value of the diamonds delivered and accepted was $123,152.70, of which $58,526.30 was paid, leaving a balance due of $64,626.40. Plaintiff sues for the balance. On the motion for summary judgment, defendant admitted possessing some portion of the total number of diamonds purchased for which it had not made payment. Nonetheless, defendant asserted that it had relied exclusively on plaintiff's expertise in selecting the proper grade of diamond, that the diamonds supplied were of inconsistent color and that the finished pieces had consequently been rejected by its customers, all of which caused it damage in an amount in excess of that demanded in the complaint. The IAS court denied plaintiff's motion, finding questions of fact, *inter alia,* as to whether the diamonds met the merchantability standard of Uniform Commercial Code

§ 2-314 and the fitness for use standard of section 2-315, as to defendant's reliance on plaintiff's expertise and as to the amount due as well as any unreceived credit claimed by defendant. We reverse, grant summary judgment to plaintiff and dismiss the counterclaims.

On the record before us it is beyond dispute that plaintiff shipped diamonds on consignment to defendant, which retained what it wanted and returned those that it did not. There is no support for defendant's claim that plaintiff, at any time, refused to exchange goods. Moreover, defendant's principal testified at her deposition that she never communicated any required "specifications" to plaintiff's sales personnel. Defendant's only complaint is that the color of the loose diamonds purchased varied slightly with each shipment. Nothing in the record suggests that the variations ran counter to any agreement the parties had reached. In fact, slight color variations are common in the "cheaper" stones selected by defendant. There is no claim that the stones were not jewelry quality diamonds or otherwise unfit for setting in jewelry pieces. Significantly, it should be noted that defendant registered no complaint during the course of the transactions. The first complaint was articulated in defendant's answer, although the last delivery was made four months earlier. We find such a delay in asserting a claim of defective goods to be unreasonable as a matter of law. (See, Bangor Clothing Co. v Superior Sportswear Corp., 22 AD2d 864, affd 16 NY2d 1018.) It should also be noted that all of the deliveries were made on consignment memorandum. Invoices were not sent for two or three weeks thereafter, during which period defendant was free to return the merchandise, if defective. Nor is there any issue as to the amount and extent of credits. In her deposition as well as opposing affidavit, defendant's principal was unable to identify specifically a single return for which defendant did not receive a proper credit. Thus, it is clear to us that defendant's affirmative defenses—breach of warranty, failure of the goods to conform to "specifications"—are sham. Only a genuine issue will defeat summary judgment. (Hirsch v Berger Import & Mfg. Corp., 67 AD2d 30, 34, appeal dismissed 47 NY2d 1008.) " 'A shadowy semblance of an issue' " will not suffice. (Ben Strauss Indus. v City of New York, 90 AD2d 751.) Concur—Sullivan, J. P., Milonas, Wallach, Ross and Kassal, JJ.