■ GREEN POINT SAVINGS BANK, Respondent, v BOONSOM VARANA, Appellant. [653 NYS2d 656] —In an action to foreclose a mortgage, the defendant appeals from a judgment of foreclosure and sale of the Supreme Court, Queens County (LeVine, J.), dated November 8, 1995, which, *inter alia,* directed the sale of the subject premises.

Ordered that the judgment is modified, on the facts, by deleting all of the decretal paragraphs thereof except the second decretal paragraph dismissing the defendant's counterclaims with prejudice; as so modified, the judgment is affirmed, with costs to the appellant, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith, and entry of an amended judgment accordingly.

Upon review of the court's decisions dated December 9, 1994, and May 15, 1995, and the judgment dated November 8, 1995, it cannot be determined whether late charges were awarded for payments that became due *after* acceleration as well as for payments that became due before acceleration. "It has been held to be inconsistent to allow a lending institution to accelerate a note, thereby denying the debtor the right under the mortgage note to make monthly installments and to continue to insist on its own right under the note to impose monthly late charges" *(Centerbank v D'Assaro,* 158 Misc 2d 92, 95; *see also, Duda v Thompson,* 169 Misc 2d 649; *In re Tavern Motor Inn,* 69 Bankr 138; *Security Mut. Life Ins. Co. v Contemporary Real Estate Assocs.,* 979 F2d 329, 330-331; 1 Bergman, New York Mortgage Foreclosures § 1.10 [2]). Thus, at least in the absence of a provision providing otherwise, which is not present in the mortgage documents involved here, late charges for nonpayment of installments claimed to be due *after* acceleration cannot be collected *(see, Security Mut. Life Ins. Co. v Contemporary Real Estate Assocs.,* 979 F2d 329, *supra; see also, Duda v Thompson,* 169 Misc 2d 649, *supra; Centerbank v D'Assaro, supra).* Accordingly, the matter is remitted to the Supreme Court to determine whether the judgment included late charges for payments due after acceleration, and, if so, said sum is to be deleted from the amount calculated to be due under the mortgage and an amended judgment is to be entered accordingly.

We have considered the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.