■ JAN BOHO et al., Appellants, v CITY OF NEW YORK, Respondent, TRIBOROUGH BRIDGE & TUNNEL AUTHORITY, Defendant and Third-Party Plaintiff-Respondent, et al., Defendant. LAPIETRA CONTRACTING CORP., Third-Party Defendant-Respondent. [697 NYS2d 331] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Queens County (Polizzi, J.), entered June 17, 1998, as granted those branches of the separate motions of the defendant City of New York, the defendant Triborough Bridge & Tunnel Authority, and the third-party defendant LaPietra Contracting Corp. which were for summary judgment dismissing the cause of action asserted under Labor Law § 241 (6), and (2) so much of an order of the same court, entered October 19, 1998, as, upon reargument, adhered to the prior determination on that issue.

Ordered that the appeal from the order entered June 17, 1998, is dismissed, as that order was superseded by the order entered October 19, 1998, made upon reargument; and it is further,

Ordered that the order entered October 19, 1998, is affirmed insofar as appealed from; and it is further,

Ordered that the respondents are awarded one bill of costs.

On February 22, 1993, the plaintiff Jan Boho, an employee of LaPietra Contracting Corp., was injured when a frozen piece of excavation material fell from a mound onto his leg. The plaintiffs' complaint alleged, among other things, that the defendants City of New York and the Triborough Bridge & Tunnel Authority were negligent in not making adequate safety provisions to secure the mound, in contravention of Labor Law § 241 (6) and the New York State Industrial Code.

To sustain a cause of action against an owner and general contractor under Labor Law § 241 (6) for failure to provide adequate safety measures, the plaintiff must allege "[that] a concrete specification of the [Industrial] Code has been violated", as opposed to general safety standards (*Rizzuto v Wenger Contr. Co.,* 91 NY2d 343, 350; *see, Mitchell v Triborough Bridge & Tunnel Auth.,* 220 AD2d 727). The Supreme Court properly granted those branches of the respondents' mo-

tions which were for summary judgment dismissing the cause of action asserted under Labor Law § 241 (6). The alleged violations of the Industrial Code are either inapplicable to the facts here or are too general in nature to impose liability under Labor Law § 241 (6). O'Brien, J. P., Ritter, Santucci and Altman, JJ., concur.