■ EMERIE BECKFORD et al., Appellants, v 40TH STREET ASSOCIATES (NY PARTNERSHIP) et al., Respondents. (And a Third-Party Action.) [731 NYS2d 755] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by

their brief, from so much of an order of the Supreme Court, Kings County (Barasch, J.), dated September 28, 2000, as denied their motion for partial summary judgment on the issue of liability under Labor Law § 240 (1) and § 241 (6).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion is granted.

The plaintiffs presented evidence that the accident was the result of a ladder breaking and collapsing, thereby establishing a prima facie case under Labor Law § 240 (1) (*see, Ross v Curtis-Palmer Hydro-Elec. Co.,* 81 NY2d 494; *Sapione v Board of Educ.,* 259 AD2d 479). The opposition papers did not raise any triable issue of fact (*see, Figueroa v Manhattanville Coll.,* 193 AD2d 778). Additionally, the plaintiffs established a prima facie case under Labor Law § 241 (6) by presenting uncontroverted evidence that the defendants violated Industrial Code (12 NYCRR) § 23-1.21 (b) (1) and that this violation was the proximate cause of the injured plaintiff's accident (*see, Rizzuto v Wenger Contr. Co.,* 91 NY2d 343; *cf., Boho v City of New York,* 266 AD2d 173). The opposition papers also did not raise any triable issue of fact as to that Labor Law section. Therefore, the plaintiffs' motion for partial summary judgment on the issue of liability should have been granted. O'Brien, J. P., Luciano, Smith and Crane, JJ., concur.