■ ROOPNARINE KISSOON et al., Appellants, v ARLEN REALTY, INC., Defendant, I.S.J. MANAGEMENT CORP. et al., Defendants and Third-Party Plaintiffs-Respondents. JER CORPORATION et al., Third-Party Defendants. [734 NYS2d 594] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Satterfield, J.), dated September 8, 2000, as denied that branch of their motion which was

for summary judgment against the defendants I.S.J. Management Corp. and 149th Street Realty Associates on the issue of liability on the cause of action to recover damages pursuant to Labor Law § 240 (1).

Ordered that the order is reversed insofar as appealed from, on the law, with costs payable by the respondents, and that branch of the motion which was for summary judgment against the respondents on the issue of liability on the cause of action to recover damages pursuant to Labor Law § 240 (1) is granted.

To prevail on a cause of action to recover damages pursuant to Labor Law § 240 (1), a plaintiff must establish that the statute was violated and that the violation proximately caused his or her injuries (*see, Zgoba v Easy Shopping Corp.,* 246 AD2d 539). An owner and its agent may be held liable for a violation of Labor Law § 240 (1), even though the job was performed by a plaintiff over which they exercised no supervision or control (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509; *Haimes v New York Tel. Co.,* 46 NY2d 132; *Madden v Trustees of Duryea Presbyt. Church,* 210 AD2d 382).

The injured plaintiff fell when the ladder upon which he was standing collapsed while he was taping a ceiling during a construction project in a building owned and managed by the respondents, 149th Street Realty Associates and I.S.J. Management Corp., respectively. The collapse of the ladder proximately caused his alleged injuries. Therefore, the Supreme Court should have granted that branch of the plaintiffs' motion which was for summary judgment against the respondents on the issue of liability on the cause of action to recover damages pursuant to Labor Law § 240 (1) (*see, Figueroa v Manhattanville Coll.,* 193 AD2d 778). Friedmann, J. P., Smith, Adams and Townes, JJ., concur.