(January 15, 2002)

■ JUSTUS RECYCLING CORP., Respondent, v A.F.C. ENTERPRISES, INC., Appellant, et al., Defendant. [736 NYS2d 339] —Judgment, Supreme Court, Bronx County (George Friedman, J.), entered March 23, 2001, which, upon the prior grant of plaintiff's motion for summary judgment on its complaint as against defendant A.F.C. Enterprises and dismissing A.F.C.'s counterclaims, entitled plaintiff to recover the total amount of $230,058.09 from A.F.C., including an award of $55,357.09 in prejudgment interest, unanimously modified, on the law and the facts, to vacate the award of prejudgment interest and, ac-

cordingly, to reduce the amount of the judgment to $174,701, and otherwise affirmed, without costs.

The policy against successive summary judgment motions did not bar the motion court's consideration of indisputable factual evidence which had not been offered in support of plaintiff's first motion. Specifically, in support of the motion under review, plaintiff offered evidence which demonstrated that C.A.C. Industries, Inc. had been dumping excavation material on A.F.C.'s behalf and that plaintiff had reasonably relied on C.A.C.'s actual or apparent authority to dump excavation material on A.F.C.'s behalf (*Freeze Right Refrig. & AC Servs. v City of New York*, 101 AD2d 175, 180). Plaintiff's evidentiary proof indisputably established that plaintiff and A.F.C. had arranged for A.F.C. to pay invoices when C.A.C. dumped debris in plaintiff's yard. In opposition to the motion, A.F.C. did not raise a triable issue of fact that plaintiff should have been aware that C.A.C.'s authority to dump on A.F.C.'s behalf was limited (*see, Hallock v State of New York*, 64 NY2d 224). Accordingly, summary judgment was properly granted on plaintiff's cause of action which sought payment from A.F.C. on unpaid invoices for material C.A.C. dumped in plaintiff's yard between July 1997 and November 1997.

While there may be a factual issue as to whether C.A.C. exceeded its actual authority to dump material excavated from a particular A.F.C. project, summary judgment is not inappropriate. The existence of such an issue does not undermine plaintiff's claim that, based on A.F.C.'s representations, it reasonably believed that C.A.C. was dumping material on A.F.C.'s behalf (*see, Gala Trading v Adrienne, Inc.*, 174 AD2d 478). In addition, the motion court properly dismissed A.F.C.'s counterclaims for fraud since they were not stated with sufficient particularity (*see,* CPLR 3016 [b]).

We modify the judgment only to conform it to the court's underlying decision and order which expressly denied plaintiff's application for prejudgment interest (*see,* CPLR 5019 [a]).

We have reviewed A.F.C.'s remaining arguments and find them unavailing. Concur—Nardelli, J.P., Saxe, Lerner, Rubin and Marlow, JJ.