■ TIZIANO SOZZI, Respondent, v GRAMERCY REALTY Co. No. 2, L.P., Appellant. [758 NYS2d 659] —In an action to recover damages for personal injuries, the defendant appeals from (1) an order of the Supreme Court, Kings County (Harkavy, J.), dated December 18, 2000, which granted the plaintiff's motion for

summary judgment on the cause of action based on Labor Law 240 (1) and denied that branch of the defendant's cross motion which was for summary judgment dismissing that cause of action, and (2) a judgment of the same court, entered October 9, 2001, which, upon a jury verdict awarding the plaintiff the sums of $160,000 for past pain and suffering, $958,000 for future pain and suffering, $98,000 for past loss of earnings, $800,000 for future loss of earnings, $19,351 for past medical expenses, and $150,000 for future medical expenses, is in favor of the plaintiff and against it.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is modified, on the facts and as a matter of discretion, by deleting the provisions thereof awarding damages for future pain and suffering and for future medical expenses only; as so modified, the judgment is affirmed, with costs to the defendant, and a new trial is granted only with respect thereto, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff shall serve and file in the office of the clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering from the sum of $958,000 to the sum of $600,000, to reduce the verdict as to damages for future medical expenses from the sum of $150,000 to the sum of $80,000, and to the entry of an appropriate amended judgment accordingly; in the event that the plaintiff so stipulates, the judgment, as so amended, is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The plaintiff was injured when, in the course of his employment as a painter, an A-frame ladder on which he was standing to remove old paint from the ceiling of an apartment broke and collapsed. The Supreme Court correctly determined that the plaintiff was entitled to summary judgment pursuant to Labor Law § 240 (1) because he was engaged in a protected activity (*see De Oliveira v Little John's Moving,* 289 AD2d 108 [2001]) and demonstrated that the ladder was defective and failed to provide him with proper protection (*see Beckford v 40th St. Assoc. [NY Partnership],* 287 AD2d 586 [2001]; *Scotti v Federation Dev. Corp.,* 289 AD2d 322 [2001]; *Kissoon v Arlen*

*Realty,* 289 AD2d 297 [2001]). In response to this showing, the defendant failed to raise a triable issue of fact.

With respect to the defendant's motion pursuant to CPLR 4404 to set aside the verdict as against the weight of the evidence, this discretionary power must be exercised with caution and only if there is no fair interpretation of the evidence by which a jury could have arrived at its verdict (*see Nicastro v Park,* 113 AD2d 129, 134 [1985]). The Supreme Court properly concluded that sufficient credible evidence was presented to support the jury verdict. It was within the province of the jury to resolve issues of conflicting expert testimony as well as issues of credibility and of proximate causation (*see Bobek v Crystal,* 291 AD2d 521 [2002]; *Burney v Raba,* 266 AD2d 174 [1999]; *Derdiarian v Felix Contr. Corp.,* 51 NY2d 308 [1980]). Accordingly, the defendant's motion was properly denied.

The damages awarded, however, were excessive to the extent indicated in that they deviated materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Komforti v New York City Tr. Auth.,* 292 AD2d 569 [2002]; *Mangiafridda v Mahyedin,* 248 AD2d 200 [1998]).

The defendant's remaining contention is without merit. Smith, J.P., Goldstein, Townes and Mastro, JJ., concur.