■ Helen Carreras, Respondent, v Alan Weinreb et al., Appellants, et al., Defendants. [826 NYS2d 72]—

In an action to foreclose a mortgage, the defendants Stephanie Weinreb, as executrix of the estate of Donald Weinreb, Alan Weinreb, and Michael Weinreb appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County

(Berler, J.), dated July 26, 2005, as, in effect, denied those branches of their motion which were for summary judgment dismissing the plaintiffs' claims for the recovery of an attorney's fee and the recovery of late fees.

Ordered that on the Court's own motion, Alan Weinreb is substituted for the defendant Stephanie Weinreb, as executor of the estate of Donald Weinreb, nunc pro tunc as of October 24, 2004, and the caption is amended accordingly; and it is further,

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the motion which were for summary judgment dismissing the plaintiff's claims for the recovery of an attorney's fee and the recovery of late fees are granted.

In this action to foreclose a mortgage, the appellants moved, inter alia, for summary judgment dismissing the plaintiff's claims for the recovery of an attorney's fee arising from both the instant action and a prior action in 1995 (hereinafter the 1995 action) wherein the appellants sought discharge of the same mortgage pursuant to RPAPL 1921 (2), and dismissing the plaintiff's claim for the recovery of late fees. In opposition, the plaintiff argued, among other things, that this was an improper attempt to relitigate the same issues since a similar motion by the appellants had been previously denied by a different Supreme Court Justice. The Supreme Court denied the motion, holding, in part, that "multiple summary judgment motions are disfavored." We reverse.

Although the Supreme Court correctly observed that successive summary judgment motions are disfavored, there was sufficient cause for the court to reach the merits of the appellants' motion. Review of the order which denied the prior motion indicates that the court therein did not consider the legal issues raised by the appellants because they failed to include necessary supporting documentation. Inasmuch as that documentation was submitted on the present motion and since there remain only issues of law to be decided, the interest of judicial economy warrants disposition of the motion on its merits (see *Justus Recycling Corp. v A.F.C. Enters.*, 290 AD2d 279 [2002]; *Schriptek Mktg. v Columbus McKinnon Corp.*, 187 AD2d 800 [1992]).

The appellants established their entitlement to judgment dismissing the plaintiff's claims for the recovery of an attorney's fee and the recovery of late fees. The plaintiff is not entitled to the recovery of an attorney's fee since the underlying mortgage note clearly states that, in any action commenced, "*except an action to foreclose this mortgage*" (emphasis added), the mortgagee may recover an attorney's fee. Since this action seeks

foreclosure of the mortgage at issue, an attorney's fee is not recoverable by the plaintiff.

The plaintiff's claim herein for attorney's fees arising from the 1995 action is also barred. The plaintiff specifically raised the issue of counsel fees in the 1995 action in both her answer and her trial memorandum. The judgment which was entered in the 1995 action denied the appellants' application to discharge the mortgage, but did not state anything about the plaintiff's claim to recover an attorney's fee. As a general rule, once a claim is brought to its final conclusion, it cannot thereafter be relitigated (*see Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343 [1999]; *O'Brien v City of Syracuse*, 54 NY2d 353 [1981]; *Matter of Reilly v Reid*, 45 NY2d 24 [1978]). Accordingly, the plaintiff cannot now reassert her claim for attorney's fees attendant to the 1995 action which ended in her favor (*see* 73A NY Jur 2d, Judgments § 398) .

The appellants also have shown that plaintiff's claim to recover late fees should have been dismissed. In the absence of a provision in the mortgage to the contrary, the collection of late fees after a mortgage note has been accelerated is impermissible (*see Green Point Sav. Bank v Varana*, 236 AD2d 443 [1997]). Here the mortgage does not so provide and since the plaintiff's claim to recover late fees is for fees which accumulated after the mortgage acceleration date, she is not entitled to recover such fees. Miller, J.P., Crane, Santucci and Luciano, JJ., concur.