■ MAZOL NISIMOVA, Respondent, v STARBUCKS CORPORATION et al., Appellants. [967 NYS2d 838]—

In an action to recover damages for personal injuries, the defendants appeal (1) from an order of the Supreme Court, Queens County (Strauss, J.), entered May 1, 2012, which denied, as untimely, their motion for summary judgment dismissing the complaint, and (2), as limited by their brief, from so much of an order of the same court dated July 5, 2012, as, in effect, upon reargument, adhered to the original determination.

Ordered that the appeal from the order entered May 1, 2012,

is dismissed, as that order was superseded by the order dated July 5, 2012; and it is further,

Ordered that the order dated July 5, 2012, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The Supreme Court improvidently exercised its discretion in declining to entertain the defendants' motion for summary judgment dismissing the complaint (*see* CPLR 3212 [a]; *Brill v City of New York*, 2 NY3d 648, 652 [2004]), inasmuch as the defendants established good cause for the delay in making the motion beyond the 120-day filing period (*see Adika v Dramitinos*, 74 AD3d 848, 849 [2010]). Nevertheless, in the interest of judicial economy, we deem it appropriate, under the circumstances of this case, to address the motion on the merits, rather than remitting the matter to the Supreme Court to do so (*see Ewers v Columbia Hgts. Realty, LLC*, 44 AD3d 608, 609 [2007]; *Carreras v Weinreb*, 33 AD3d 953, 954 [2006]). We conclude that the Supreme Court should have denied the motion on the merits. Although the defendants established their prima facie entitlement to judgment as a matter of law, the plaintiff, in opposition, raised a triable issue of fact as to the applicability of the "storm in progress" rule (*cf. Solazzo v New York City Tr. Auth.*, 6 NY3d 734, 735 [2005]; *Mazzella v City of New York*, 72 AD3d 755, 756 [2010]; *Powell v Cedar Manor Mut. Hous. Corp.*, 45 AD3d 749, 749-750 [2007]). Balkin, J.P., Hall, Lott and Miller, JJ., concur.