Panfilow v 66 E. 83rd St. Owners Corp. (2023 NY Slip Op 03357)

Panfilow v 66 E. 83rd St. Owners Corp.

2023 NY Slip Op 03357

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-06026
 (Index No. 518366/17)

[*1]Pawel Panfilow, appellant-respondent, 
v
66 East 83rd Street Owners Corp., et al., respondents-appellants (and a third-party action).

Gorayeb & Associates, P.C., New York, NY (Jonathan D. Moran of counsel), for appellant-respondent.
McMahon, Martine & Gallagher, LLP, Brooklyn, NY (Andrew D. Showers and Nicholas Dematte-Winston of counsel), for respondents-appellants.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals, and the defendants cross-appeal, from an order of the Supreme Court, Kings County (Reginald A. Boddie, J.), dated March 12, 2020. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The order, insofar as cross-appealed from, denied the defendants' cross-motion for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
ORDERED that the order is reversed insofar as appealed and cross-appealed from, on the law and in the exercise of discretion, without costs and disbursements, that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) is granted, and the defendants' cross-motion for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence is granted.
In September 2017, the plaintiff commenced this action against the defendants, the owner and the contractor, respectively, of a construction site, to recover damages for personal injuries, alleging violations of Labor Law §§ 200, 240(1), and 241(6), and common-law negligence. The plaintiff alleged that he sustained injuries when he fell from a ladder while he was working at the construction site. On December 18, 2018, pursuant to a prior court order, the plaintiff filed a note of issue and certificate of readiness which identified outstanding discovery that was set to occur over the three months following the date of the filing of the note of issue.
Approximately two months after the deposition of a representative of the defendant Janbar, Inc. (hereinafter Janbar), was completed, the plaintiff moved, inter alia, for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The defendants cross-moved for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
In an order dated March 12, 2020 (hereinafter the March 2020 order), the Supreme Court, inter alia, denied, as untimely, both that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1) and the defendants' cross-motion for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence. The plaintiff appeals from so much of the March 2020 order as denied, as untimely, that branch of his motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). The defendants cross-appeal from so much of the March 2020 order as denied, as untimely, their cross-motion for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence.
Pursuant to the Uniform Civil Term Rules of the Kings County Supreme Court, the parties were required to move for summary judgment no later than 60 days after the filing of the note of issue, unless they obtained leave of court upon good cause shown (see Kings County Supreme Court Uniform Civil Term Rules, part C, rule 6, citing CPLR 3212[a]; Lyebyedyev v Hoffman, 84 AD3d 751, 752). Good cause in this context "requires a showing of good cause for the delay in making the motion" (Brill v City of New York, 2 NY3d 648, 652; see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726-727). Significant outstanding discovery may, in certain circumstances, constitute good cause for a delay in making a motion for summary judgment (see Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124, 129).
Here, contrary to the Supreme Court's determination, the plaintiff demonstrated good cause for his delay in moving for summary judgment (see Munoz v Agenus, Inc., 207 AD3d 643, 644; Alvarez v Eviles, 56 AD3d 500, 500). As an initial matter, we note that the court directed the plaintiff, over the plaintiff's objection, to file a note of issue or face sanctions or dismissal of the action, despite the fact that a significant amount of discovery, including, inter alia, the depositions of the parties, had yet to occur (see Gonzalez v 98 Mag Leasing Corp., 95 NY2d at 129; Smith v Nameth, 25 AD3d 599, 600). Indeed, together with setting a deadline directing the plaintiff to file a note of issue by December 18, 2018, the court set forth a discovery schedule, contemplating the exchange of discovery by the parties, including depositions, to occur over the three months following the filing of the note of issue. Moreover, shortly after the plaintiff filed the note of issue, he moved for leave to extend the time to move for summary judgment. In an order dated January 28, 2019, the court denied that motion without prejudice and with leave to renew. The parties thereafter substantially complied with the discovery schedule, but the deposition of Janbar's representative was not completed until June 2019. In August 2019, the plaintiff then moved, inter alia, for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action. Under these circumstances, we find that the plaintiff established good cause for his delay in making the motion (see Brill v City of New York, 2 NY3d at 652; Nisimova v Starbucks Corp., 108 AD3d 513, 514). Rather than remitting the matter to the Supreme Court to decide that branch of the plaintiff's motion on the merits, in the interest of judicial economy, we reach the merits (see Nisimova v Starbucks Corp., 108 AD3d at 514) and conclude that the court should have granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the Labor Law § 240(1) cause of action.
"Labor Law § 240(1) imposes a nondelegable duty upon owners and contractors to provide or cause to be furnished certain safety devices for workers at an elevated work site, and the absence of appropriate safety devices constitutes a violation of the statute as a matter of law" (Treu v Cappelletti, 71 AD3d 994, 997 [internal quotation marks omitted]). "[T]o succeed on a cause of action alleging a violation of Labor Law § 240(1), a plaintiff must establish a violation of the statute and that such violation was a proximate cause of his or her resulting injuries" (id. at 997). Here, the plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that his injuries were proximately caused by the defendants' failures, as the owner and the general contractor at the construction site, to satisfy their nondelegable duty to provide him with a safe and adequate ladder necessary for him to perform his elevation-related work at the site (see Sozzi v Gramercy Realty Co. No. 2, 304 AD2d 555, 556; Beckford v 40th St. Assoc. [NY Partnership], 287 AD2d 586, 587). In opposition, the defendants failed to raise a triable issue of fact (see Beckford [*2]v 40th St. Assoc. [NY Partnership], 287 AD2d at 587).
With respect to the cross-motion, although the defendants did not offer any excuse for their delay in cross-moving for summary judgment, in the interest of judicial economy, we deem it appropriate, under the circumstances of this case, to also reach the merits of the defendants' cross-motion for summary judgment dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence (see Nisimova v Starbucks Corp., 108 AD3d at 514; Carreras v Weinreb, 33 AD3d 953, 954) and determine that the Supreme Court should have granted the defendants' cross-motion.
"'Labor Law § 200 is a codification of the common-law duty of landowners and general contractors to provide workers with a reasonably safe place to work'" (Saitta v Marsah Props., LLC, 211 AD3d 1062, 1063, quoting Rodriguez v Metropolitan Transp. Auth., 191 AD3d 1026, 1027). Where the allegations involve the manner in which the work was performed, the property owner and/or general contractor will be held liable only if they possessed the authority to supervise or control the means and methods of the work (see Saitta v Marsah Props., LLC, 211 AD3d at 1063; Cantalupo v Arco Plumbing & Heating, Inc., 194 AD3d 686, 689). Where the allegations involve dangerous or defective conditions on the premises where the work was performed, the property owner and/or general contractor will be held liable if they either created a dangerous or defective condition, or had actual or constructive notice of it without remedying it within a reasonable time (see Saitta v Marsah Props., LLC, 211 AD3d at 1063-1064; Cantalupo v Arco Plumbing & Heating, Inc., 194 AD3d at 689).
Here, the defendants established their prima facie entitlement to judgment as a matter of law dismissing the causes of action alleging a violation of Labor Law § 200 and common-law negligence by demonstrating that they did not create or have actual or constructive notice of the condition that the plaintiff alleged caused his injuries and that they had no authority to supervise or control the means and methods of the plaintiff's work at the time of his accident (see Saitta v Marsah Props., LLC, 211 AD3d 1064; Rodriguez v Metropolitan Transp. Auth., 191 AD3d at 1028). In opposition, the plaintiff failed to raise a triable issue of fact.
The defendants' remaining contention is without merit.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court