**Quinn v 422 Fulton Owner, L.L.C.**

2026 NY Slip Op 30899(U)

March 10, 2026

Supreme Court, Kings County

Docket Number: Index No. 511496/2021

Judge: Rupert V. Barry

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

Index No.: 511496/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS: PART 13
------------------------------------------------------------------------ X
JOHN QUINN,

                    Plaintiff,                              Cal. No.: 19 (MSQ No.: 9)
                                                            Cal. No.: 20 (MSQ No.: 16)
          -against-                                         Cal. No.: 21 (MSQ No.: 15)
                                                            Cal. No.: 22 (MSQ No.: 11)
422 FULTON OWNER, L.L.C., STRUCTURE TONE,                   Cal. No.: 23 (MSQ No.: 10)
LLC, MACY'S RETAIL HOLDINGS, LLC, MACY'S
RETAIL HOLDINGS, INC., MACY'S, INC., MACY'S                 Index No.: 511496/2021
EAST, INC., MACY'S CORPORATE SERVICES, LLC,
422 FULTON CONDOMINIUM, BOARD OF
MANAGERS OF 422 FULTON CONDOMINIUM,
TRANSPARENT CONSTRUCTION LLC and                           **DECISION & ORDER**
ADMORE AIR CONDITIONING CORP.,

                    Defendants.
------------------------------------------------------------------------ X
STRUCTURE TONE, LLC,

                    Third-Party Plaintiff,

          -against-

LEADER SHEET METAL, INC.,

                    Third-Party Defendant.
------------------------------------------------------------------------ X

          Recitation, as required by CPLR 2219(a), of the papers considered in the review of:
**(i)** Defendant/Third-party Plaintiff STRUCTURE TONE, LLC's (hereafter "STRUCTURE
TONE") summary judgment motion **(MSQ No.: 9)** seeking dismissal of Plaintiff's Labor Law §§
200, 240(1) and 241(6) claims as well as granting that portion of its motion which seeks contractual
indemnification against Defendants ADMORE AIR CONDITIONING CORP.'s (hereafter
"ADMORE"), and Third-party defendant LEADER SHEET METAL, INC.'s (hereafter
"LEADER") (NYSCEF Doc.: Nos.: 230 – 251; 326 – 352; **(ii)** Defendants MACY'S' RETAIL
HOLDING, LLC's, MACY'S, INC.'s, MACY'S EAST, INC.'s, MACY'S CORPORATE
SERVICES, LLC's (collectively hereafter "MACY's Defendants") **(MSQ No.: 10)** motion
pursuant to CPLR 3212, for summary judgment dismissing Plaintiff's complaint and all cross-
claims against MACY's Defendants or, in the alternative, for summary judgment for contractual
indemnification against STRUCTURE TONE (NYSCEF Doc. Nos.: 255 – 263; 286 – 290; 356 –
382); **(iii)** Third-Party Defendant LEADER's motion for an order granting it summary judgment
pursuant to CPLR 3212 and dismissing Defendant/Third-Party Plaintiff STRUCTURE TONE's
Third-Party Summons and Complaint **(MSQ No.: 11)**: NYSCEF Doc. Nos.: 264 – 283; 291 – 294;

1

Index No.: 511496/2021

441; **(iv)** Plaintiff JOHN QUINN's cross-motion pursuant to CPLR 3212 for an order granting him summary judgment against Defendant STRUCTURE TONE, as to violations of Labor Law § 240(1), 241(6) based upon a violation of Industrial Code §§ 23-1.21(b) and § 23-2.1(a) and (b), and for dismissal of all affirmative defenses, along with an award of costs, disbursements and reasonable attorney's fees to abide this cross-motion (**MSQ No.: 15**): NYSCEF Doc. Nos.: 353 – 355; 386 – 411; 447, 449; **(v)** Plaintiff JOHN QUINN's cross-motion pursuant to CPLR 3212 granting summary judgment in favor of Plaintiff against MACY'S Defendants as to violations of Labor Law § 240(1) and 241(6) based upon a violation of Industrial Code § § 23-1.21(b) and § 23-2.1(a) and (b), and for dismissal of all affirmative defenses, along with an award of costs, disbursements and reasonable attorney's fees to abide this cross-motion (MSQ No.: 16): NYSCEF Doc. Nos.: 383 – 385; 412 – 438.

Upon due consideration of the papers filed, and after oral arguments, this Court's decision is as follows:

**This action arises from Plaintiff's alleged fall from a ladder at a work site** and injuries sustained allegedly from slipping on metal rods which were at the base of the ladder.

The MACY'S Defendants previously controlled and subsequently conveyed the condominium units now owned by 422 FULTON OWNER where Plaintiff worked. The MACY'S Defendants contracted STRUCTURE TONE, the general contractor, to perform work at the premises. STRUCTURE TONE contracted with ADMORE, the sub-contractor, to perform certain HVAC work at the site. ADMORE sub-contracted with LEADER to perform installation of duct work for the HVAC system at the premises. Plaintiff is a LEADER journeyman sheet metal worker at the time of the alleged injury

**STRUCTURE TONE has demonstrated its entitlement to summary judgment** and dismissal of Plaintiff's Labor Law 200, 240(1) and 241(6) claims against it. STRUCTURE TONE has also demonstrated its entitlement to summary judgment in its favor as against Defendant ADMORE for contractual indemnification.

**Labor Law § 200** is a codification of the common-law duty of an owner or general contractor to provide employees with a safe place to work (*Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]). Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed (*Ortega v. Puccia*, 57 AD3d 54, 61 [2d Dept 2008]). When the manner and method of work is at issue, the Labor Law § 200 analysis is whether the defendant had the authority to supervise or control the work or activity bringing about the injury (*Paniflow v 66 E. 83rd St. Owners Corp.*, 217 AD3d 875, 879 [2d Dept

2

[* 2]

Index No.: 511496/2021

2023]). On the other hand, when a claim arises out of an alleged dangerous premises condition, a property owner or general contractor may be held liable under Labor Law § 200 when the owner or general contractor has control over the work site and either created the dangerous condition causing an injury or failed to remedy the dangerous or defective condition while having actual or constructive notice of it (id. at 879).

Plaintiff, in his deposition testimony, testified that he inspected the location prior to setting up the ladder and that there were no debris or items at that location—stating specifically "There was nothing around me." Plaintiff further testified that he was on the ladder for five minutes before descending the ladder and stepping onto the metal rods. STRUCTURE TONE established, prima facie, that they did not create or have actual or constructive notice of the alleged dangerous condition. [1]

**With respect to the portion of STRUCTURE TONE's motion regarding Labor Law 240(1)**, this Court notes '"[t]hat the extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do "not encompass any and all perils that may be connected in some tangential way with the effects of gravity" '" (*Sullivan v New York Athletic Club of City of N.Y.*, 162 AD3d 950, 953 [2d Dept 2018]). Whether a plaintiff is entitled to recovery under Labor Law § 240(1) requires a determination of whether the injury sustained is the type of elevation-related hazard to which the statute applies (*Rocovich v Consolidated Edison Co.*, 78 NY2d 509, 513 [1991]). The core premise of the statute centers around whether a defendant's failure to provide workers with adequate protection from reasonably preventable, gravity-related accidents will result in liability (*Wilinski, v 334 E. 92nd Hous. Dev. Fund Corp.*, 18 NY3d 1 [2011]). Labor Law § 240(1) was designed to prevent those types of accidents in which a safety device proved inadequate to shield a worker from harm directly flowing from the application of the force of gravity to an object or person (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599 [2009]).

**STRUCTURE TONE has demonstrated entitlement to summary judgment dismissing the Labor Law § 240(1) cause of action**. Plaintiff, an employee of Defendant LEADER, stated that he was told by his foreman, also an employee of LEADER, to retrieve a

---

[1] For the same reasons, if Plaintiff motion can be read to be seeking summary judgment against STRUCTURE TONE regarding Labor Law § 200, that application would also be denied.

AQ

3

[* 3]

Index No.: 511496/2021

ladder to perform duct work in the ceiling. Plaintiff confirmed that the ladder he used bore the name of LEADER on the side of the ladder. The ladder was not owned by STRUCTURE TONE nor was it provided to Plaintiff by anyone working for STRUCTURE TONE. Therefore, that portion of STRUCTURE TONE's motion is granted. For the same reasons as above, that portion of **Plaintiff's cross-motion (MSQ No.: 15) seeking summary judgment against STRUCTURE TONE regarding Labor Law § 240(1) is denied.**

Defendant STRUCTURE TONE also seeks dismissal of Plaintiff's Labor Law § 241(6) claim, alleging violations of Industrial Codes 23-1.21(b) and 23-2.1(a) and (b). It should be noted that in his affirmation in opposition to STRUCTURE TONE's summary judgment motion, Plaintiff failed to discuss these sections of the industrial code[2]. However, even if Plaintiff had addressed them, they would be inapplicable. Section 23-1.21(b) sets the general requirements for the use of ladders, section 23-2.1(a) refers to the storage of material or equipment and 23-2.1(b) refers to the disposal of debris. Sections 23-2.1(a) and (b) are inapplicable to the facts of this particular case because Plaintiff does not claim that the metal rods were either being stored or disposed of at the time of the alleged accident. Furthermore, there are no arguments made in Plaintiff's opposition and moving papers regarding section 23-1.21(b). As such, **this portion of STRUCTURE TONE's motion seeking summary judgment on Plaintiff's Labor Law § 241(6) for the specific codes referenced above is granted.**

Finally with respect to the portion of STRUCTURE TONE's motion seeking contractual indemnification from Defendant LEADER, as there is no contract between STRUCTURE TONE and LEADER, as well as no contract between ADMORE and LEADER that specifies an indemnification clause for the benefit of STRUCTURE TONE, **that portion of STRUCTURE TONE's motion seeking indemnification as against LEADER is denied.** Moreover, in its Sub-Contractor Agreement with LEADER, ADMORE is referred to as "Contractor" and LEADER is referred to as "Subcontractor." The agreement makes no mention of STRUCTURE TONE, either by name or as General Contractor.

---

[2] Plaintiff, in his affirmation in support of his cross-motion and affirmation in opposition to STRUCTURE TONE's motion, only refers to Industrial Code § 23-1.7(e). The parties have a pending motion before the Hon. Brian Gotlieb, J.S.C. regarding STRUCTURE TONE's motion to strike Plaintiff's supplemental bill of particulars which includes a claim for violation of Industrial Code sections 23-1.7(e)(1) and (e)(2). The motion is adjourned to April 7, 2026, in the Compliance Conference Part and therefore, these codes sections will not be addressed in this decision. and Order.

4

Index No.: 511496/2021

With respect to the MACY'S Defendants' motion for summary judgment (MSQ No.: 10), this Court finds that they have demonstrated entitlement to summary judgment on Plaintiff's claims and all crossclaims against the MACY'S Defendants. The MACY'S Defendants have also demonstrated entitlement to summary judgment on their contractual claim against STRUCTURE TONE.[3] Even if the MACY'S Defendants acknowledged themselves as the owner of the property for purposes of Labor Law §§ 200 and 240 (1), they have established that they had no control over the work site and did not create or have actual or constructive notice of an alleged dangerous condition. Similarly to this Court's finding as to STRUCTURE TONE, the MACY'S Defendants also did not provide the ladder or any equipment to Plaintiff.

**With respect to Defendant LEADER's motion for summary judgment (MSQ No.:11),** it has established prima facie that no contract exists between LEADER and STRUCTURE TONE, nor is STRUCTURE TONE an intended third-party beneficiary of LEADER's subcontract with Defendant ADMORE.[4] The indemnification provisions in the LEADER–ADMORE subcontract run solely in favor of ADMORE and the "Owner of Property." STRUCTURE TONE is not identified in the subcontract, and no intent to benefit STRUCTURE TONE can be inferred from the subcontract (*see generally Mendel v Henry Phipps Plaza W., Inc.*, 6 NY3d 783 [2006]). In opposition, STRUCTURE TONE has failed to submit admissible evidence raising any triable issue of fact. Accordingly, LEADER's motion for summary judgment dismissing STRUCTURE TONE's contractual indemnification claim against it should be **granted**.

Accordingly, for the forgoing reasons, it is

**ORDERED** that, that portion of Defendant/Third-Party Plaintiff STRUCTURE TONE's motion for summary judgment seeking contractual indemnification against Defendant ADMORE **(MSQ No.: 9)** is GRANTED. It is further

**ORDERED** that, that portion of Defendant/Third-Party Plaintiff STRUCTURE TONE's motion for summary judgment seeking and dismissal of Plaintiff's Labor Law 200, 240(1) and 241(6) claims **(MSQ No.: 9)** is GRANTED. It is further

---

[3] On September 19, 2025, Counsel for the MACY'S Defendants emailed its proposed order to the Court and moved on behalf of all the MACY'S Defendants, including Defendant ADMORE. However, a thorough review of the motion papers filed by the MACY'S Defendants show that Defendant ADMORE did not move for summary judgment. Therefore, the portion of the MACY'S Defendants' motion regarding ADMORE **will not** be addressed in this Decision and Order.

[4] In its December 2016 Sub-Contractor Agreement, ADMORE is referred to as "Contractor" and the hold harmless provision makes reference to only the Contractor and the Owner of Property.

5

Index No.: 511496/2021

**ORDERED** that, that portion of Defendant/Third-Party Plaintiff STRUCTURE TONE's motion seeking contractual indemnification as against Defendant LEADER **(MSQ No.: 9)** is DENIED. It is further

**ORDERED** that, that portion of the MACY'S Defendants' motion for summary judgment seeking contractual indemnification against Defendant/Third-Party Plaintiff STRUCTURE TONE only, and dismissal of Plaintiff's Labor Law 200, 240(1) and 241(6) claims against the MACY'S Defendants **(MSQ No.: 10)** is GRANTED. It is further

**ORDERED** that, the motion of Defendant LEADER for summary judgment seeking dismissal of Defendant/Third-Party Plaintiff STRUCTURE TONE's complaint for contractual indemnification claim **(MSQ No.:11)** is GRANTED. It is further

**ORDERED** that, the cross-motion of Plaintiff for summary judgment against Defendant/Third-Party Plaintiff STRUCTURE TONE, regarding Labor Law §§ 240(1) and 241(6) (Industrial Codes § 23-1.21(b) and § 23-2.1(a) and (b) only) **(MSQ No.: 15)** are DENIED. It is further

**ORDERED** that, the cross-motion of Plaintiff for summary judgment against the MACY'S Defendants' regarding Labor Law §§ 240(1) and 241(6) (Industrial Codes § 23-1.21(b) and § 23-2.1(a) and (b) **(MSQ No.: 16)** are DENIED. It is further

**ORDERED** that, all applications not specifically addressed herein are denied.

This constitutes the decision and order of this Court.

Dated: March 10, 2026

_R V BARRY_
HON. RUPERT V. BARRY, J.S.C.

6

[* 6]