■ Joao Neves, Respondent, v Port Authority of New York and New Jersey et al., Appellants. [697 NYS2d 85] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Berke, J.), dated November 30, 1998, as (1) granted the plaintiff's motion to preclude them from introducing certain expert testimony at trial unless they provided the plaintiff with copies of the report, notes, and records relating to the examination of the plaintiff conducted by vocational rehabilitation experts Morris Ehrenreich and Joseph Pessalano within a specified time period, and (2) denied their motion for leave to file a late notice of motion for summary judgment.

Ordered that the order is affirmed insofar as appealed from, with costs; and it is further,

Ordered that the defendants' time to comply with the order is extended until 30 days after service upon them of a copy of this decision and order, with notice of entry.

In December 1997, the defendants' attorney asked the plaintiff's attorney to allow two vocational rehabilitation experts retained by the defense to meet with and examine the plaintiff. The plaintiff's attorney agreed to this request, and the plaintiff was subsequently examined by the certified rehabilitation counselors retained by the defense. The plaintiff's attorney then requested a copy of the report from the defense experts. The defendants' attorney denied the request, claiming that no such report had been provided to them, and that even if such a report existed, the plaintiff was not entitled to receive a copy of it. The plaintiff responded by moving to preclude the defendants from offering the testimony of their vocational re-

habilitation experts at trial, or, alternatively, to compel them to provide him with a copy of the report, notes, and records of the defense experts. The Supreme Court conditionally granted the motion to preclude unless the defendants provided the requested materials within 30 days of entry of its order.

Contrary to the defendants' contention, the Supreme Court did not improvidently exercise its discretion in concluding that any report, notes, and records of its vocational rehabilitation experts should be disclosed to the plaintiff. As the defendants correctly note, CPLR 3121, which sets forth the procedure for obtaining mental and physical examinations and exchanging physician's written reports, does not apply to vocational rehabilitation counselors (*see, Kavanagh v Ogden Allied Maintenance Corp.,* 92 NY2d 952). However, CPLR 3101 (a) broadly mandates "full disclosure of all matters material and necessary in the prosecution or defense of an action", consistent with "New York's policy of permitting 'open and far-reaching pre-trial discovery' " (*Kavanagh v Ogden Allied Maintenance Corp., supra,* at 954, quoting *DiMichel v South Buffalo Ry. Co.,* 80 NY2d 184, 193). Under the circumstances of this case, where the plaintiff submitted to an examination by the defendants' experts, the plaintiff is entitled, in the interest of fairness, to disclosure of any report, notes, or records which may have been generated as a result of that examination (*see generally, Kavanagh v Ogden Allied Maintenance Corp., supra*; *cf., Barrowman v Niagara Mohawk Power Corp.,* 252 AD2d 946).

Furthermore, the Supreme Court properly denied the defendants' motion for leave to file a late motion for summary judgment. The vague and conclusory claims made by defense counsel in support of the application failed to demonstrate the existence of "good cause" to permit a belated motion to be made more than 120 days after the filing of the note of issue (CPLR 3212 [a]; *see, Deinhardt v Vought,* 258 AD2d 432; *Olzaski v Locust Val. Cent. School Dist.,* 256 AD2d 320). Thompson, J. P., Altman, Krausman and H. Miller, JJ., concur.