■ STATE FARM FIRE AND CASUALTY, as Subrogee of JOSEPH N. MISK, Respondent, v PARKING SYSTEMS VALET SERVICE, Appellant. [849 NYS2d 891]—

In a subrogation action to recover insurance benefits paid to the plaintiff's insured, the defendant appeals from an order of the Supreme Court, Queens County (Schulman, J.), entered April 25, 2007, which granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment on the issue of liability is denied.

The plaintiff was required to make its motion for summary judgment no more than 120 days after the note of issue was filed, unless it obtained leave of the court on good cause shown (*see* CPLR 3212 [a]). The vague and conclusory assertions made by plaintiff's counsel regarding "settlement talks" with defense counsel were insufficient to constitute good cause for the six-month delay in making the motion for summary judgment (*see Miceli v State Farm Mut. Auto. Ins. Co.,* 3 NY3d 725, 726 [2004]; *Brill v City of New York,* 2 NY3d 648, 652 [2004]; *Perini Corp. v City of New York [Department of Envtl. Protection],* 16 AD3d 37, 40 [2005]; *Neves v Port Auth. of N.Y. & N.J.,* 265 AD2d 393, 394 [1999]). Accordingly, the Supreme Court erred in reaching the merits of the motion (*see McNally v Beva Cab Corp.,* 45 AD3d 820 [2007]). Spolzino, J.P., Santucci, Dillon and Balkin, JJ., concur.