■ OLEKSANDR LYEBYEDYEV, Appellant, v JAMES A. HOFFMAN, Respondent. (And a Third-Party Action.) [921 NYS2d 866]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated September 18, 2009, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied as untimely.

On or about September 17, 2007, the plaintiff commenced this action against the defendant. After issue was joined in November 2007, pretrial discovery was conducted, including the plaintiff's deposition in July 2008 and the defendant's deposition in January 2009. The defendant's deposition transcript was certified by the reporter on February 17, 2009. On March 10, 2009, the plaintiff filed a note of issue and certificate of readiness. In or around mid-June 2009, the defendant moved for summary judgment dismissing the complaint. The Supreme Court granted the motion. We reverse.

Pursuant to the Uniform Civil Term Rules of the Supreme Court, Kings County, the defendant was required to make his motion for summary judgment no later than 60 days after the filing of the note of issue, unless he obtained leave of the court on good cause shown (see Uniform Civ Term Rules of Sup Ct, Kings County, part C [6] [formerly rule 13]). Here, the defendant moved for summary judgment approximately 90 days after the note of issue was filed. Since the vague and conclusory assertions made by the defendant's attorney regarding the pendency of a motion to strike the note of issue and a delay in the defendant's signing and notarizing of his own deposition transcript were insufficient to constitute good cause, the Supreme Court erred in entertaining the summary judgment motion (see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725 [2004]; Brill v City of New York, 2 NY3d 648 [2004]; Cohen-Putnam Agency, Ltd. v Hudson Bldg. Maintenance, Inc., 55 AD3d 653 [2008]; State Farm Fire & Cas. v Parking Sys. Valet Serv., 48 AD3d 550 [2008]; Simpson v Tommy Hilfiger U.S.A., Inc., 48 AD3d 389, 392 [2008]; Pierre v Feldman, 41 AD3d 454, 455 [2007]).

The defendant's remaining contentions are without merit.

Accordingly, the defendant's motion should have been denied as untimely. Dillon, J.P., Covello, Eng and Chambers, JJ., concur.