Croshier v New Horizons Resources, Inc. (2020 NY Slip Op 03892)





Croshier v New Horizons Resources, Inc.


2020 NY Slip Op 03892


Decided on July 15, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 15, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2018-14402
 (Index No. 52784/16)

[*1]Shelly Croshier, appellant, 
v
New Horizons Resources, Inc., respondent.


Mark A. Campbell, Valhalla, NY (Marie R. Hodukavich of counsel), for appellant.
Hardin, Kundla, McKeon & Poletto, New York, NY (Eric J. Koplowitz of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Edward T. McLoughlin, J.), dated November 1, 2018. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action to recover damages for personal injuries that she alleges she sustained when she fell on the driveway of a group home owned and operated by the defendant. According to the plaintiff, she is a certified occupational therapy assistant and had just left one of her clients who resided in the group home when she slipped and fell on the asphalt driveway.
The defendant moved for summary judgment dismissing the complaint contending, inter alia, that the plaintiff did not know what had caused her to fall, that the defendant did not have notice of the alleged condition that caused the plaintiff to fall, and that the condition alleged by the plaintiff was trivial and thus not actionable. The Supreme Court granted the motion. The plaintiff appeals.
A property owner has a duty to maintain its premises in a reasonably safe condition (see Basso v Miller, 40 NY2d 233, 241). In a premises liability case, in order to succeed on a motion for summary judgment dismissing the complaint, a defendant real property owner generally must establish, prima facie, that it neither created the allegedly dangerous or defective condition nor had actual or constructive notice of its existence (see Williams v Island Trees Union Free Sch. Dist., 177 AD3d 936, 937; Kerzhner v New York City Tr. Auth., 170 AD3d 982, 982-983). A defendant can also establish its prima facie entitlement to judgment as a matter of law by showing that the plaintiff cannot identify the cause of her or his accident (see Kerzhner v New York City Tr. Auth., 170 AD3d at 983).
Here, viewing the evidence in the light most favorable to the plaintiff as the nonmoving party (see Matadin v Bank of Am. Corp., 163 AD3d 799, 800; Giraldo v Twins Ambulette Serv., Inc., 96 AD3d 903, 903), the defendant failed to establish, prima facie, that the plaintiff could [*2]not identify the cause of her fall. The evidence submitted by the defendant, which included a transcript of the plaintiff's deposition testimony, failed to eliminate all triable issues of fact as to whether the numerous cracks that constituted the condition of the driveway had caused the plaintiff to fall (see Kozik v Sherland & Farrington, Inc., 173 AD3d 994, 995).
The defendant also failed to establish, prima facie, that it did not have constructive notice of the alleged hazardous condition of the driveway (see Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599). To meet its initial burden to show a lack of constructive notice, the defendant must offer probative evidence demonstrating a proximity in time between when the area in question was last cleaned or inspected relative to the time when the plaintiff fell (see id. at 598-599). The affidavit of the defendant's maintenance worker submitted in support of the defendant's motion referred only to his general inspection practices but did not refer to any specific inspection in the area of the plaintiff's fall relative to the date of the incident. Another employee of the defendant averred in an affidavit that she had inspected the driveway approximately seven weeks prior to the plaintiff's fall and found all routes were clear of obstructions. She also averred that the defendant's maintenance department inspected the driveway at least once per month. This evidence was insufficient to establish, prima facie, lack of constructive notice (see id.).
The defendant also failed to establish its prima facie entitlement to judgment as a matter of law on the basis that the alleged defect was trivial. The defendant failed to establish, prima facie, that the cracked condition of the driveway was trivial as a matter of law, and thus, nonactionable (see French v Long Is. Children's Museum, 163 AD3d 778, 779).
Accordingly, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
RIVERA, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court