Rosenfeld v City of New York (2021 NY Slip Op 04770)





Rosenfeld v City of New York


2021 NY Slip Op 04770


Decided on August 25, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 25, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2019-13071
 (Index No. 710985/15)

[*1]Eileen Rosenfeld, appellant, 
v
City of New York, defendant, Maspeth Supply Company, LLC, respondent.


The Law Offices of Christopher P. Di Giulio, P.C., New York, NY (William Thymius of counsel), for appellant.
Malapero Prisco & Klauber LLP, New York, NY (Greg M. Bernhard of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Kevin J. Kerrigan, J.), dated November 4, 2019. The order, insofar as appealed from, granted that branch of the motion of the defendant Maspeth Supply Company, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant Maspeth Supply Company, LLC, which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
On June 3, 2015, the plaintiff allegedly tripped and fell in a depression in the roadway on 28th Street, just outside the crosswalk at the intersection of 33rd Avenue in Queens. The plaintiff commenced the instant action against, among others, the defendant Maspeth Supply Company, LLC (hereinafter Maspeth), alleging, among other things, that it created the depression. It is undisputed that prior to the subject accident, in 2014, Maspeth performed sewer and manhole cover reconstruction on 28th Street from 33rd Avenue to 34th Avenue, which encompasses the location of the subject depression. Maspeth moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. Maspeth argued that the evidence submitted in support of its motion, which included documents from various agencies of the City of New York, demonstrated, prima facie, that the work it performed in the area in 2014 did not cause the depression in the roadway. The Supreme Court, among other things, granted that branch of Maspeth's motion. The plaintiff appeals.
To establish prima facie entitlement to judgment as a matter of law, a movant for summary judgment must come forward with evidentiary proof, in admissible form, demonstrating the absence of any triable issues of fact (see Alvarez v Prospect Hosp. , 68 NY2d 320; Zuckerman v City of New York , 49 NY2d 557). The failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers (see Winegrad v New York Univ. Med. Ctr. , 64 NY2d 851, 853).
In support of its motion, Maspeth submitted various documents from City agencies, [*2]including a copy of an August 31, 2015 letter from the New York City Department of Environmental Protection to Maspeth and a printout copy of a New York City Office of Administrative Trials and Hearings determination dated October 1, 2015, which it claimed were admissible under the common-law public document exception to the hearsay rule. Under the common-law public document exception, "[w]hen a public officer is required or authorized, by statute or nature of the duty of the office, to keep records or to make reports of acts or transactions occurring in the course of the official duty, the records or reports so made by or under the supervision of the public officer are admissible in evidence" since such public official "has no motive to distort the truth" and the writing is prepared in discharge of a public duty (Jerome Prince, Richardson on Evidence § 8-1101 [Farrell 11th ed 1995]; see People v Smith , 258 AD2d 245, 248). While the documents are admissible without the testimony of the official who made it, the documents must still be authenticated (see People v Smith , 258 AD2d at 249; People v Garneau , 120 AD2d 112, 116-117; Jerome Prince, Richardson on Evidence § 8-1101 [Farrell 11th ed]). Here, even assuming that the documents submitted by Maspeth would otherwise meet the requirements under the common-law public document exception to the hearsay rule, they were not authenticated (see People v Smith , 258 AD2d at 249; People v Garneau , 120 AD2d at 116; Alexander, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C4520:2), and were, therefore, not admissible as evidence. As such, Maspeth failed to establish, prima facie, with evidence in admissible form, that its work at the location prior to the date of the subject accident was not the cause of the depression in the roadway which allegedly caused the plaintiff to fall.
Accordingly, the Supreme Court should have denied that branch of Maspeth's motion which was for summary judgment dismissing the complaint insofar as asserted against it, regardless of the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr. , 64 NY2d at 853).
DILLON, J.P., AUSTIN, DUFFY and BARROS, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court