Padel v Nisanov (2022 NY Slip Op 02008)





Padel v Nisanov


2022 NY Slip Op 02008


Decided on March 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH A. ZAYAS, JJ.


2019-13801
 (Index No. 8523/17)

[*1]Meir Padel, appellant, 
v
Boris Nisanov, et al., respondents.


Jonah Grossman, Jamaica, NY (Lawrence B. Lame of counsel), for appellant.
Gold, Benes, LLP, Bellmore, NY (Karen C. Higgins, Jeffrey B. Gold, and Keith Lederman of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Denis J. Butler, J.), entered October 21, 2019. The order, insofar as appealed from, upon reargument, vacated an order of the same court entered May 16, 2019, denying the defendants' motion for summary judgment dismissing the complaint, and thereupon granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order entered October 21, 2019, is reversed insofar as appealed from, on the law, with costs, and, upon reargument, the determination in the order entered May 16, 2019, denying the defendants' motion for summary judgment dismissing the complaint, is adhered to.
The plaintiff commenced this action to recover damages for personal injuries that he allegedly sustained when he slipped and fell on debris on the exterior step of the defendants' premises. The defendants moved for summary judgment dismissing the complaint, contending that they did not create the alleged hazardous condition or have actual or constructive notice of its existence. By order entered May 16, 2019, the Supreme Court denied the motion. The defendants moved for leave to reargue their motion. Upon reargument, the court vacated the order entered May 16, 2019, denying the defendants' motion for summary judgment dismissing the complaint, and thereupon granted the defendants' motion for summary judgment dismissing the complaint. The plaintiff appeals.
Upon reargument, the Supreme Court should have adhered to its prior determination in the order entered May 16, 2019, denying the defendants' motion for summary judgment dismissing the complaint. "In a slip-and-fall case, a defendant property owner moving for summary judgment has the burden of making a prima facie showing that it neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence" (Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Meade v New York City Hous. Auth., 189 AD3d 1390, 1391). A defendant has constructive notice of a hazardous condition on property when the condition is visible and apparent, and has existed for a sufficient length of time to afford the defendant a reasonable opportunity to discover and remedy it (see Gordon v American Museum of Natural History, 67 NY2d 836, 837). To meet [*2]its prima facie burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell (see Meade v New York City Hous. Auth., 189 AD3d at 1391; Croshier v New Horizons Resources, Inc., 185 AD3d 780, 781; Birnbaum v New York Racing Assn., Inc., 57 AD3d 598, 598-599).
Here, the defendants failed to demonstrate, prima facie, that they inspected or cleaned the premises within a reasonable time prior to the accident and that the condition at issue had not existed for a sufficient length of time to afford them a reasonable opportunity to discover and remedy it (see Croshier v New Horizons Resources, Inc., 185 AD3d at 781-782; Birnbaum v New York Racing Assn., Inc., 57 AD3d at 598-599). As the defendants moving for summary judgment dismissing the complaint, they could not satisfy their initial burden merely by pointing to gaps in the plaintiff's case (see Miller v Terrace City Lodge No. 1499, Improved Benevolent Protection Order of the Elks of the World of Yonkers, N.Y., Inc., 197 AD3d 643, 644; Lebron v 142 S 9, LLC, 151 AD3d 835, 836; Baines v G & D Ventures, Inc., 64 AD3d 528, 529). Accordingly, the Supreme Court should not have, upon reargument, granted the defendants' motion for summary judgment dismissing the complaint.
In light of our determination, we need not reach the parties' remaining contentions.
BRATHWAITE NELSON, J.P., CHAMBERS, ROMAN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court