Shatku v EFG & P, LLC (2023 NY Slip Op 00123)

Shatku v EFG & P, LLC

2023 NY Slip Op 00123

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-06146
 (Index No. 151107/17)

[*1]Gezim Shatku, appellant,
v
EFG & P, LLC, et al., respondents.

Chelli & Bush (Sim & DePaola, LLP, Bayside, NY [Sang J. Sim], of counsel), for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Richmond County (Judith N. McMahon, J.), dated July 23, 2020. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, without costs or disbursements.
On March 17, 2017, the plaintiff allegedly sustained injuries when he slipped and fell on ice in an exterior parking lot. The premises was owned by the defendant EFG & P, LLC (hereinafter EFG), and leased by the defendant Barnes & Noble Booksellers, Inc. The plaintiff commenced this action against the defendants to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint, arguing, inter alia, that they did not create the alleged hazardous condition or have actual or constructive notice of any dangerous condition, and that as an out-of-possession landlord, EFG could not be held liable for the plaintiff's injuries. The Supreme Court granted the motion, and the plaintiff appeals.
A property owner or a party in possession or control of real property moving for summary judgment in an action predicated upon the presence of snow or ice has the burden of establishing, prima facie, that it neither created the snow or ice condition that allegedly caused the plaintiff to fall nor had actual or constructive notice of that condition (see Miller v Terrace City Lodge No. 1499, Improved Benevolent Protection Order of the Elks of the World of Yonkers, N.Y., Inc., 197 AD3d 643, 644; Giambruno v Albrechet, 192 AD3d 671, 672; see also Chang v Marmon Enters., Inc., 172 AD3d 678). "Thus, a defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it" (Castillo v Silvercrest, 134 AD3d 977, 977; see Steffens v Sachem Cent. Sch. Dist., 190 AD3d 1003, 1004).
Here, the defendants established, prima facie, that they did not create the alleged ice condition or have actual or constructive notice of its existence (see Gordon v American Museum of Natural History, 67 NY2d 836). They also established, prima facie, that EFG could not be held liable for the plaintiff's injuries because EFG was an out-of-possession landlord that had no duty to remove snow and ice from the subject parking lot (see Keum Ok Han v Kemp, Pin & Ski, LLC, 142 AD3d 688, 689; Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 18). In opposition, the [*2]plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court