Vaughn v Westfield, LLC (2023 NY Slip Op 02557)

Vaughn v Westfield, LLC

2023 NY Slip Op 02557

Decided on May 10, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 10, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
WILLIAM G. FORD, JJ.

2020-06935
 (Index No. 617918/17)

[*1]Glenda Vaughn, respondent, 
v
Westfield, LLC, appellant, et al., defendant.

The Law Offices of Richard J. DaVolio, P.C., Sayville, NY, for appellant.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendant Westfield, LLC, appeals from an order of the Supreme Court, Suffolk County (George Nolan, J.), dated August 17, 2020. The order denied that defendant's motion for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is affirmed, without costs or disbursements.
The plaintiff allegedly was injured when she slipped and fell on a liquid substance on the floor of a restroom in a shopping mall. The plaintiff commenced this action to recover damages for personal injuries against, among others, the defendant Westfield, LLC (hereinafter Westfield), the owner of the premises. Westfield moved for summary judgment dismissing the complaint insofar as asserted against it, contending that it did not create the alleged hazardous condition or have actual or constructive notice of its existence. In support of its motion, Westfield submitted, among other things, an incident report relating to the subject accident and an accompanying restroom cleaning log, which indicated that the restroom had been inspected a few minutes before the accident by a housekeeper employed by Westfield's cleaning contractor, Cleaning Systems Management Corp. (hereinafter CSMC). The Supreme Court denied Westfield's motion, concluding that the incident report and cleaning log constituted inadmissible hearsay, and therefore did not satisfy Westfield's prima facie burden of showing that it lacked constructive notice of the alleged hazardous condition. Westfield appeals.
In a slip-and-fall case, a defendant moving for summary judgment "has the initial burden of making a prima facie showing that it neither created the allegedly hazardous condition nor had actual or constructive notice of its existence" (Taliana v Hines REIT Three Huntington Quadrangle, LLC, 197 AD3d 1349, 1351 [internal quotation marks omitted]; see Bonilla v Southside United Hous. Dev. Fund Corp., 181 AD3d 550, 551). "A defendant has constructive notice of a defect when the defect is visible and apparent, and existed for a sufficient length of time before the accident that it could have been discovered and corrected" (Toussaint v Ocean Ave. Apt. Assoc., LLC, 144 AD3d 664, 664-665; see Gordon v American Museum of Natural History, 67 NY2d 836, 837). "To meet its prima facie burden on the issue of lack of constructive notice, the defendant must offer some evidence as to when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Breland-Marrow v RXR Realty, LLC, 208 AD3d 627, 628; see Rivera v Roman Catholic Archdiocese of N.Y., 197 AD3d 744, 745).
To make a prima facie showing of entitlement to judgment as a matter of law, a party moving for summary judgment "must come forward with evidentiary proof, in admissible form" (Rosenfeld v City of New York, 197 AD3d 746, 747; see Zuckerman v City of New York, 49 NY2d 557, 562). Here, the statements in the incident report and restroom cleaning log indicating that the subject restroom was inspected shortly before the plaintiff's accident, submitted by Westfield in support of its motion, constituted inadmissible hearsay, and therefore did not support a prima facie showing that Westfield lacked constructive notice of the alleged hazardous condition.
Contrary to Westfield's contention, these documents were not admissible pursuant to the business records exception to the rule against hearsay. "To be admissible as a business record, a document must have been made in the regular course of business, and it must have been the regular course of the business to make such a record, at the time of the act, transaction, occurrence, or event recorded, or within a reasonable time thereafter" (Lodato v Greyhawk N. Am., LLC, 39 AD3d 494, 495; see CPLR 4518[a]). "In addition, each participant in the chain producing the record, from the initial declarant to the final entrant, must be acting within the course of regular business conduct" (Matter of Leon RR, 48 NY2d 117, 122). While Westfield's submissions included the affidavit of Darryl McKenzie, a national operations manager for CSMC who was involved in negotiating the cleaning services contract between CSMC and Westfield for the subject mall, Westfield did not submit any affidavits or testimony from the housekeeper who was in charge of cleaning the restroom, the site manager who prepared the incident report, the housekeeper's supervisor who inspected the restroom after the incident, or the security guard who inspected the restroom together with the supervisor. Neither McKenzie's affidavit nor the cleaning log itself identified the person who created the log, or identified the source of the information contained in the log, or indicated whether the log was made in the regular course of CSMC's business. With respect to the incident report, although it indicates on its face that it was prepared by the site manager, neither McKenzie's affidavit nor any other evidence submitted by Westfield stated that the housekeeper had a business duty to report the occurrence to the site manager, that the site manager had a business duty to memorialize the accident in the incident report, or that the incident report was made in the regular course of CSMC's business.
Thus, since Westfield failed to submit admissible evidence demonstrating that it lacked constructive notice of the alleged hazardous condition, it failed to make a prima facie showing of its entitlement to judgment as a matter of law. Accordingly, the Supreme Court properly denied Westfield's motion for summary judgment dismissing the complaint insofar as asserted against it.
IANNACCI, J.P., CHAMBERS, ZAYAS and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court