Souffrant v M&K Real Estate Assoc., LLC (2024 NY Slip Op 01739)

Souffrant v M&K Real Estate Assoc., LLC

2024 NY Slip Op 01739

Decided on March 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
PAUL WOOTEN
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2019-13986
 (Index No. 515108/16)

[*1]Pierre Souffrant, plaintiff-respondent, 
v
M & K Real Estate Associates, LLC, et al., appellants, Facility Source Northeast Services, LLC, defendant-respondent, et al., defendants.

Raven & Kolbe, LLP, New York, NY (John J. Phelan of counsel), for appellants.
Anthony J. Cugini, Jr., Esq., P.C., Riverdale, NY (Jennifer A. Shafer and Michael D. Cassell of counsel), for plaintiff-respondent.
Cartafalsa, Turpin & Lenoff, New York, NY (Brian Dalton of counsel), for defendant-respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants M & K Real Estate Associates, LLC, and Goodrich Management, LLC, appeal from an order of the Supreme Court, Kings County (Wayne Saitta, J.), dated November 4, 2019. The order, insofar as appealed from, denied those branches of those defendants' motion which were for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them and on their cross-claim for contractual indemnification against the defendant Facility Source Northeast Services, LLC.
ORDERED that the order is reversed insofar as appealed from, on the law and in the exercise of discretion, with one bill of costs, and those branches of the motion of the defendants M & K Real Estate Associates, LLC, and Goodrich Management, LLC, which were for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them and on their cross-claim for contractual indemnification against the defendant Facility Source Northeast Services, LLC, are granted.
The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained after slipping and falling on black ice in a parking lot on property owned by the defendant M & K Real Estate Associates, LLC (hereinafter M & K). The defendant Goodrich Management, LLC (hereinafter Goodrich), was the managing agent for M & K. The property was leased to A & P Real Property, LLC (hereinafter A & P), which entered into a maintenance services agreement with the defendant Facility Source Northeast Services, LLC (hereinafter Facility Source). Facility Source, in turn, subcontracted snow removal work to the defendant Airside Pavement Marking, Inc. (hereinafter Airside).
Following the depositions of the plaintiff, M & K and Goodrich (hereinafter together [*2]the appellants), and Airside, the parties appeared for a court conference on December 13, 2018, at which a final pre-note order was issued, inter alia, directing the plaintiff to file a note of issue "on or before" December 18, 2018, and the deposition of Facility Source to take place "on or before" February 13, 2019. On December 13, 2018, the plaintiff filed a note of issue and certificate of readiness. On February 15, 2019, the appellants moved, inter alia, for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them and on their cross-claim for contractual indemnification against Facility Source. In support of the motion, the appellants argued that, as an out-of-possession landlord and its agent, they were not bound by contract or a course of conduct to repair the allegedly dangerous condition of snow and ice in the parking lot. The appellants' further argued that good cause existed for the four-day delay in moving for summary judgment. Facility Source and the plaintiff opposed the motion. In an order dated November 4, 2019, the Supreme Court, inter alia, denied the appellants' motion as untimely. This appeal ensued.
Pursuant to the Uniform Civil Term Rules of the Kings County Supreme Court, the parties were required to move for summary judgment no later than 60 days after the filing of the note of issue, unless they obtained leave of court upon good cause shown (see Kings County Supreme Court Uniform Civil Term Rules, part C, rule 6; Lyebyedyev v Hoffman, 84 AD3d 751, 752; see also CPLR 3212[a]). Good cause in this context "requires a showing of good cause for the delay in making the motion" (Brill v City of New York, 2 NY3d 648, 652; see Miceli v State Farm Mut. Auto. Ins. Co., 3 NY3d 725, 726-727). Significant outstanding discovery may, in certain circumstances, constitute good cause for a delay in making a motion for summary judgment (see Gonzalez v 98 Mag Leasing Corp., 95 NY2d 124, 129).
Here, the Supreme Court improvidently exercised its discretion in denying the appellants' motion as untimely. The appellants demonstrated good cause for their four-day delay in moving for summary judgment by showing that the plaintiff filed the note of issue five days earlier than anticipated, which resulted in the scheduled deposition of Facility Source falling outside of the 60-day deadline for filing motions for summary judgment (see Brill v City of New York, 2 NY3d at 652; Panfilow v 66 E. 83rd St. Owners Corp., 217 AD3d 875, 877-878; Panzavecchia v County of Nassau, 211 AD3d 846, 847). Rather than remitting the matter to the Supreme Court to decide the subject branches of the appellants' motion on the merits, in the interest of judicial economy, we reach the merits (see Panfilow v 66 E. 83rd St. Owners Corp., 217 AD3d at 878; Nisimova v Starbucks Corp., 108 AD3d 513, 514).
"An owner or tenant in possession of [real property] owes a duty to maintain the property in a reasonably safe condition" (Patterson v H.E.H., LLC, 217 AD3d 879, 880 [internal quotation marks omitted]; see Achee v Merrick Vil., Inc., 208 AD3d 542, 543). However, "[a]n out-of-possession landlord is not liable for injuries that occur on its premises unless the landlord has retained control over the premises and has a duty imposed by statute or assumed by contract or a course of conduct" (Jin Hee Son v Zafiara Realty, Inc., 218 AD3d 554, 556; see Rivera v Nelson Realty, LLC, 7 NY3d 530, 534).
In support of their motion, the appellants submitted, inter alia, the lease that was in effect at the time of the accident, the maintenance services agreement between A & P and Facility Source, and the subcontract between Facility Source and Airside. The appellants also submitted the deposition testimony and an affidavit of Erwin Holzli, Goodrich's property manager, who had knowledge of the lease and the area where the accident occurred. Holzli testified that, pursuant to the lease, the tenant was responsible for maintenance of the parking lot, including snow and ice removal, and that neither of the appellants performed or hired anyone to perform snow and ice removal at the premises. Based on this evidence, the appellants established their prima facie entitlement to judgment as a matter of law dismissing the amended complaint and all cross-claims insofar as asserted against them by demonstrating that pursuant to the lease, A & P was responsible for snow and ice removal in the parking lot "and actually undertook to conduct such snow and ice removal by hiring a snow removal company" (Achee v Merrick Vil., Inc., 208 AD3d at 544; see Shatku v EFG & P, LLC, 212 AD3d 679, 680; Keum Ok Han v Kemp, Pin & Ski, LLC, 142 AD3d 688, 689). In opposition, the plaintiff failed to raise a triable issue of fact (see Patterson v H.E.H., LLC, 217 AD3d at 880-881; Shatku v EFG & P, LLC, 212 AD3d at 680; Keum Ok Han v Kemp, Pin & Ski, LLC, 142 AD3d at 689). Inasmuch as the appellants owed no duty to the plaintiff under statute or regulation, the terms of the lease, or a course of conduct, it is not necessary to address whether they had notice of the allegedly dangerous condition (see Alnashmi v Certified Analytical Group, Inc., 89 AD3d 10, 19). Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment dismissing the amended complaint and all cross-claims insofar as asserted against them.
A party's right to contractual indemnification depends upon the specific language of the relevant contract (see Forbes v Equity One Northeast Portfolio, Inc., 212 AD3d 780, 782). The promise to indemnify should not be found unless it can be clearly implied from the language and purpose of the entire agreement and the surrounding circumstances (see id. at 782; Kahn v 40 Wall Ltd. Partnership, 205 AD3d 789, 791).
Here, the appellants established their prima facie entitlement to judgment as a matter of law on their cross-claim for contractual indemnification against Facility Source by demonstrating that they were entitled to contractual indemnification pursuant to paragraph 20 of the maintenance services agreement between A & P and Facility Source (see Brown v Two Exch. Plaza Partners, 76 NY2d 172, 178; Shea v Bloomberg, L.P., 124 AD3d 621, 623; Lugo v Austin-Forest Assoc., 99 AD3d 865, 867). In opposition, Facility Source failed to raise a triable issue of fact (see Shea v Bloomberg, L.P., 124 AD3d at 623; Lugo v Austin-Forest Assoc., 99 AD3d at 867). Accordingly, the Supreme Court should have granted that branch of the appellants' motion which was for summary judgment on their cross-claim for contractual indemnification against Facility Source.
BRATHWAITE NELSON, J.P., WOOTEN, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court