Rothman v Fairfield Mastic, LLC (2024 NY Slip Op 02073)

Rothman v Fairfield Mastic, LLC

2024 NY Slip Op 02073

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
LILLIAN WAN
JANICE A. TAYLOR, JJ.

2020-06957
 (Index No. 600969/17)

[*1]Finn Rothman, appellant,
v
Fairfield Mastic, LLC, respondent.

Cellino Law LLP, Garden City, NY (John E. Lavelle of counsel), for appellant.
Margaret G. Klein (Barclay Damon LLP, Albany, NY [Colm P. Ryan and Benjamin J. Wisher], of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated August 18, 2020. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured when he slipped and fell on ice on the defendant's premises. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. The defendant moved for summary judgment dismissing the complaint. The plaintiff opposed the motion. In an order dated August 18, 2020, the Supreme Court granted the defendant's motion. The plaintiff appeals.
In a slip-and-fall case, a defendant property owner moving for summary judgment must demonstrate, prima facie, that it "'neither (1) affirmatively created the hazardous condition nor (2) had actual or constructive notice of the condition and a reasonable time to correct or warn about its existence'" (Padel v Nisanov, 203 AD3d 1058, 1058, quoting Parietti v Wal-Mart Stores, Inc., 29 NY3d 1136, 1137; see Shatku v EFG & P, LLC, 212 AD3d 679, 679). A defendant has constructive notice of a condition on its premises when the condition is "'visible and apparent, and existed for a sufficient length of time before the accident that it could have been discovered and corrected'" (Vaughn v Westfield, LLC, 216 AD3d 849, 850, quoting Toussaint v Ocean Ave. Apt. Assoc., LLC, 144 AD3d 664, 665; see McDonnell v Our Lady of Mercy R.C. Church, 209 AD3d 729, 729). To demonstrate that it did not have constructive notice of a defective condition on its premises, a defendant must establish "when the area in question was last cleaned or inspected relative to the time when the plaintiff fell" (Breland-Marrow v RXR Realty, LLC, 208 AD3d 627, 628; see Edwards v Genting N.Y., LLC, 217 AD3d 749, 750).
Here, the defendant established, prima facie, that it neither created the alleged ice condition nor had actual or constructive notice of the condition (see Breland-Marrow v RXR Realty, LLC, 208 AD3d at 629). The defendant showed that it had an inclement weather protocol for salting and sanding the sidewalk area, that it had not received any complaints about the alleged icy condition (see Zimmer v County of Suffolk, 190 AD3d 898, 899; Meade v New York City Hous. Auth., 189 [*2]AD3d 1390, 1392), that it maintained a snow log which indicated when the area was last inspected, and that there was no indication that ice was present when the area was last inspected (see Meade v New York City Hous. Auth., 189 AD3d at 1392).
In opposition, the plaintiff failed to raise a triable issue of fact (see Shatku v EFG & P, LLC, 212 AD3d at 680; Elizee v Village of Amityville, 172 AD3d 1004, 1005). Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., WOOTEN, WAN and TAYLOR, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court