**Salgado v Noble Constr. Group, LLC**

2024 NY Slip Op 31851(U)

May 29, 2024

Supreme Court, New York County

Docket Number: Index No. 158416/2018

Judge: James d'Auguste

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   __Hon. James E. d'Auguste__          PART 55

                                              *Justice*

-------------------------------------------------------------------X

JORGE CERRITOS SALGADO,

                         Plaintiff,

                   - v -

NOBLE CONSTRUCTION GROUP, LLC, M&E 432 E. 13TH
STREET, LLC and MONOLITHIC CONTRACTING INC.

                         Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 158416/2018 |
| **MOTION DATE** | 06/21/2023 |
| **MOTION SEQ. NO.** | 007 |

**DECISION + ORDER ON
MOTION**

MONOLITHIC CONTRACTING, INC.

                         Third-Party Plaintiff,

                     -against-

C&L CONCRETE CORP.

                         Third-Party Defendant.

-------------------------------------------------------------------X

NOBLE CONSTRUCTION GROUP, LLC

                         Second Third-Party Plaintiff,

                     -against-

GANE SERVICES, INC., C&L CONTRACTING CORP.

                         Second Third-Party Defendants.

-------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 007) 145, 146, 147, 148, 156, 157, 158, 159, 163

were read on this motion to/for             __SUMMARY JUDGMENT__             .

       This is an action to recover damages for personal injuries allegedly sustained by plaintiff

Jorge Cerritos Salgado ("plaintiff"), while working at a construction site at 435 East 13th Street,

New York, New York. Defendants Noble Construction Group, LLC and M&E 432 E. 13th Street,

**158416/2018  JORGE CERRITOS SALGADO vs. NOBLE CONSTRUCTION GROUP, LLC, et. al.**          **Page 1 of 5**
**Motion No.  007**

LLC ("defendants") move for an order pursuant to CPLR 3212 granting summary judgment in their favor and against defendant/third party plaintiff Monolithic Contracting, Inc. ("Monolithic"), and third-party defendant C&L Contracting Corp. ("C&L"). For the following reasons, defendants' motion is denied as untimely.

**Procedural and Factual Background**

Plaintiff commenced this action on September 11, 2018, by filing the summons and complaint (NY St Cts Elec Filing [NYSCEF] Doc. No. 1). On November 9, 2022, a status conference was held, and this Court issued an order directing the Note of Issue to be filed by February 28, 2023, and all dispositive motions to be filed within 120 days of the Note of Issue (NYSCEF Doc. No. 102). On January 18, 2023, plaintiff filed the Note of Issue (NYSCEF Doc. No. 104). Defendants filed the summary judgment motion on June 21, 2023 (NYSCEF Doc. No. 145).

Defendants contend that they have a good cause for the delay in filing the motion because the parties participated in a private mediation on May 9, 2023, and the matter did not settle (NYSCEF Doc. No. 146, Affirmation in Support, Jeff R. Thomas, Esq. [aff], ¶ ¶ 28-29). Defendants argue they have presented the requisite good cause necessary to adjudicate their motion on the merits (*id.* ¶ 29). In opposition, Monolithic and C&L argue that defendants' motion should not be considered because it is untimely by over a month, and defendants have not set forth a good cause for their untimeliness (NYSCEF Doc. No. 156, Affirmation in Opposition, Nadia Del Toro, Esq. [opp], ¶ 3). Defendants had nine days after the mediation to timely make their motion (*id.* ¶ 24). In reply, defendants admit that they filed the motion after the deadline to file expired. However, there is no evidence or allegations that the delay has prejudiced Monolithic or C&L, and

158416/2018 JORGE CERRITOS SALGADO vs. NOBLE CONSTRUCTION GROUP, LLC, et. al.
Motion No. 007

Page 2 of 5

2 of 5

the Court has the discretion to consider the motion (NYSCEF Doc. No. 163, Reply Affirmation, Jeff R. Thomas, Esq. [reply], ¶ 7).

## Discussion

Pursuant to CPLR 3212 (a), unless the Court directs otherwise, a motion for summary judgment "shall be made no later than one hundred twenty days after the filing of the note of issue, except with leave of court on good cause shown" (*see Brill v City of New York*, 2 NY3d 648, 651 [2004]). Absent a "satisfactory explanation for the untimeliness," constituting good cause for the delay, an untimely summary judgment motion must be denied without consideration of the merits (*id.* at 652). "[A] court has broad discretion in determining whether the moving party has established good cause for the delay, and its determination will not be overturned unless it is improvident" (*Lewis v Rutkovsky*, 153 AD3d 450, 453 [1st Dept 2017] [citations omitted]). "[P]arties may no longer rely on the merits of their cases to extricate themselves from failing to show good cause for a delay in moving for summary judgment pursuant to CPLR 3212 (a)" (*Perini Corp. v City of New York [Department of Envtl Protection]*, 16 AD3d 37, 38 [1st Dept 2005]).

Here, the deadline set by this Court for the filing of all summary judgment motions was 120 days from the filing of the Note of Issue. The Note of Issue was filed on January 18, 2023. 120 days post-note of issue was May 18, 2023. Defendants' motion for summary judgment was untimely filed on June 21, 2023, 34 days post-note of issue, in violation of a court order, and without seeking leave of Court (*see Sefel v Mizzaro's Restaurant*, 251 AD2d 130, 130 [1st Dept 1998] [the defendant was not entitled to summary judgment where motion was made more than 31 days after filing of Note of Issue, in violation of Court's preliminary conference order, and the defendant did not seek leave of court to make untimely motion for good cause shown]).

**158416/2018  JORGE CERRITOS SALGADO vs. NOBLE CONSTRUCTION GROUP, LLC, et. al.**        **Page 3 of 5**
**Motion No.  007**

3 of 5

Turning to the question of good cause shown, defendants' explanation of engaging in private mediation is vague and conclusory and insufficient to constitute good cause (*see State Farm Fire & Casualty v Parking Sys Valet Serv*, 48 AD3d 550, 550 [2d Dept 2008] [vague and conclusory assertions respecting settlement talks with opposing counsel do not constitute good cause]). They allegedly participated in mediation on May 9, 2023, and admit the matter did not settle, however, they do not offer any explanation as to their delay in timely filing a motion prior to the court-ordered deadline (*see Perini Corp.*, 16 AD3d at 40 [the defendant offered no explanation for the defendant's failure to move for summary judgment within the three months between the two settlement conferences]). Defendants' contention that it is in the Court's discretion to adjudicate their motion on its merits is meritless. "In the absence of a showing of good cause for the delay in filing a motion for summary judgment, the court has no discretion to entertain even a meritorious, nonprejudicial motion for summary judgment" (*Bargil Associates, LLC v Crites*, 173 AD3d 958, 958 [2d Dept 2019] [citations omitted]; *see Brill*, 2 NY3d at 650). Defendants' motion is denied on the basis that it is untimely and lack of good cause (*see Cullity v Posner*, 143 AD3d 513, 514 [1st Dept 2016] [motion for summary judgment filed nine days after the time to do so had expired was untimely]; *Giudice v Green 292 Madison, LLC*, 50 AD3d 506, 506 [1st Dept 2008] [summary judgment motions were properly denied as untimely where preliminary and compliance conference orders set deadlines for filing of motions and good cause for untimely filing were not shown]; *Milano v George*, 17 AD3d 644, 645 [2d Dept 2005] [affirming the trial court's denial of summary judgment motion where motion was filed one day late and good cause for the delay was not established]).

**158416/2018 JORGE CERRITOS SALGADO vs. NOBLE CONSTRUCTION GROUP, LLC, et. al.** **Page 4 of 5**
**Motion No. 007**

4 of 5

[* 4]

Accordingly, it is

ORDERED that the motion by Defendants Noble Construction Group, LLC and M&E 432

E. 13th Street, LLC for summary judgment, pursuant to CPLR 3212 is denied as untimely.

This constitutes the decision and order of the Court.

| | | | | |
|---|---|---|---|---|
| **5/29/2024** | | | **James d'Auguste, J.S.C.** | |
| **DATE** | | | | |

| CHECK ONE: | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☐ GRANTED | ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**158416/2018  JORGE CERRITOS SALGADO vs. NOBLE CONSTRUCTION GROUP, LLC, et. al.**
**Motion No.  007**

**Page 5 of 5**

5 of 5