Mountain Val. Indem. Co. v Cabrera (2025 NY Slip Op 04566)

Mountain Val. Indem. Co. v Cabrera

2025 NY Slip Op 04566

Decided on August 6, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 6, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM G. FORD
HELEN VOUTSINAS
CARL J. LANDICINO, JJ.

2023-12414
 (Index No. 726662/22)

[*1]Mountain Valley Indemnity Company, appellant,
v
Susana Cabrera, defendant, Pura Monegro, respondent.

Hurwitz Fine P.C., Buffalo, NY (Ryan P. O'Shea of counsel), for appellant.
Subin Associates, LLP (Robert J. Eisen and Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Jillian Rosen], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, for a judgment declaring that the plaintiff is not obligated to defend or indemnify the defendant Susana Cabrera in an underlying action entitled Monegro v Hernandez, pending in the Supreme Court, Queens County, under Index No. 718822/21, the plaintiff appeals from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered November 20, 2023. The order denied the plaintiff's motion for leave to enter a default judgment against the defendants Susana Cabrera and Pura Monegro and granted the cross-motion of the defendant Pura Monegro for an extension of time to answer the complaint and to compel the plaintiff to accept her answer.
ORDERED that the order is affirmed, with costs.
The defendant Pura Monegro allegedly sustained injuries when she tripped and fell on an allegedly defective sidewalk that abutted a residence of the defendant Susana Cabrera. At the time of the incident, the property allegedly was insured by the plaintiff, Mountain Valley Indemnity Company (hereinafter Mountain Valley). Monegro commenced an action against Cabrera, among others, to recover damages for personal injuries arising from her alleged fall (hereinafter the underlying action). Thereafter, Mountain Valley commenced this action for a judgment declaring that it is not obligated to defend or indemnify Cabrera in the underlying action and is entitled to withdraw from defending her in the underlying action. After Cabrera and Monegro purportedly failed to appear or answer the complaint, Mountain Valley moved for leave to enter a default judgment against them. Monegro opposed the motion and cross-moved pursuant to CPLR 2004 and 3012(d) for an extension of time to answer the complaint and to compel Mountain Valley to accept her answer. By order entered November 20, 2023, the Supreme Court denied Mountain Valley's motion and granted Monegro's cross-motion. Mountain Valley appeals.
"A plaintiff seeking leave to enter a default judgment must file proof of proper service of the summons and the complaint, the defendant's default, and the facts constituting the claim" (Global Liberty Ins. Co. v Surgery Ctr. of Oradell, LLC, 153 AD3d 606, 606). "'A default judgment in a declaratory judgment action will not be granted on the default and pleadings alone for it is necessary that the plaintiff establish a right to a declaration'" (Ameriprise Ins. Co. v Kim, 185 AD3d [*2]995, 996 [alterations and internal quotation marks omitted], quoting JBBNY, LLC v Dedvukaj, 171 AD3d 898, 902). Here, the Supreme Court properly denied Mountain Valley's motion for leave to enter a default judgment against Cabrera and Monegro, as Mountain Valley failed to present proof of the facts constituting its claim that it is not obligated to defend or indemnify Cabrera in the underlying action (see id.). The language of the insurance policy that Mountain Valley relies upon defines the covered residence as a one- or two-family dwelling in which the insured resides. The policy further provides that coverage for accidents involving bodily injury does not apply in the event that those conditions are not met. Although Mountain Valley submitted an affidavit of a representative of its claims administrator indicating that "Mountain Valley spoke to Ms. Cabrera via telephone" and that Cabrera stated that the subject property was being used as a three-family dwelling, that affidavit failed to indicate that it was based on personal knowledge and further relied upon inadmissible double hearsay, since the affiant alleged that Cabrera's statement was first made to an unnamed individual at Mountain Valley (see Knudsen v Green Mach. Landscaping, Inc., 223 AD3d 792, 793; Yan Ping Xu v Van Zwienen, 212 AD3d 872, 873-874). Moreover, although Mountain Valley also sought to rely on an unsworn written statement purportedly made by Cabrera, that statement was not admissible as a business record (see Vaughn v Westfield, LLC, 216 AD3d 849, 851). To the extent that the hearsay exception regarding statements against interest may be applicable (see Kelleher v F.M.E. Auto Leasing Corp., 192 AD2d 581, 583), the written statement is nonetheless inadmissible since it indicated that it was translated into English by Cabrera's son, but no affidavit of translation was provided (see CPLR 2101[b]; Uy v Hussein, 186 AD3d 1567, 1570; Reyes v Arco Wentworth Mgt. Corp., 83 AD3d 47, 54). In any event, even if the written statement were admissible, it did not substantiate Mountain Valley's contention that the residence was being used in a manner that would place it outside the coverage provided in the insurance policy (see First Franklin Fin. Corp. v Alfau, 157 AD3d 863, 865).
The Supreme Court providently exercised its discretion in granting Monegro's cross-motion pursuant to CPLR 2004 and 3012(d) for an extension of time to answer the complaint and to compel Mountain Valley to accept her answer. "'In order to avoid the entry of a default judgment, a defendant who has failed to appear or answer the complaint must provide a reasonable excuse for the default and demonstrate a potentially meritorious defense to the action'" (Yuxi Li v Caruso, 161 AD3d 1132, 1133, quoting Jong Gwon Kim v Strippoli, 144 AD3d 982, 983). "A defendant who moves pursuant to CPLR 3012(d) to compel the plaintiff to accept late service of an answer is required to make a similar showing" (id.). The determination of what constitutes a reasonable excuse for a default lies within the sound discretion of the trial court (see Pennymac Corp. v Shelby, 190 AD3d 759, 760). "Whether a proffered excuse is reasonable is a sui generis determination to be made by the court based on all relevant factors, including the extent of the delay, whether there has been prejudice to the opposing party, whether there has been willfulness, and the strong public policy in favor of resolving cases on the merits" (Nowakowski v Stages, 179 AD3d 822, 823 [internal quotation marks omitted]). Here, in addition to providing a reasonable excuse for her delay in answering the complaint, which Mountain Valley does not challenge on appeal, Monegro demonstrated a potentially meritorious defense to the action (see 2 Lisa Ct. Corp. v Licalzi, 228 AD3d 905, 907; Corvera v Prime Source Dev., LLC, 172 AD3d 1161, 1163).
Accordingly, we affirm the order of the Supreme Court.
LASALLE, P.J., FORD, VOUTSINAS and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court